FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE YVONNE BECKER, | No. 20-72805 |
| YVONNE BECKER,<br>　　　　　　　　　*Petitioner*,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND,<br>　　　　　　　　　*Respondent*,<br><br>WELLS FARGO & COMPANY; EMPLOYEE BENEFIT REVIEW COMMITTEE; RONALD L. SARGENT; WAYNE M. HEWETT; DONALD M. JAMES; MARIA R. MORRIS; WELLS FARGO BANK, N.A.; GALLIARD CAPITAL MANAGEMENT,<br>　　　　　　　　　*Real Parties in Interest.* | D.C. No.<br>4:20-cv-01803-JST<br><br>OPINION |

Petition for Writ of Mandamus

Submitted February 3, 2021[*]
San Francisco, California

Filed April 1, 2021

Before: Eugene E. Siler,[**] Johnnie B. Rawlinson, and
Patrick J. Bumatay, Circuit Judges.

Opinion by Judge Siler

### SUMMARY[***]

**Mandamus / ERISA**

The panel denied a petition for a writ of mandamus challenging the district court's order transferring an action under the Employee Retirement Income Security Act from the Northern District of California to Minnesota federal court pursuant to a forum selection clause in a retirement plan.

The panel held that mandamus relief was not warranted because the district court did not clearly err in transferring the case. Agreeing with other Circuits, the panel held that

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

even though provision of "ready access to the Federal courts" is among ERISA's goals, ERISA does not bar forum selection clauses. Thus, the plan properly designated, from among venues permitted by the statute, the venue where the plan was administered.

## COUNSEL

Peter K. Stris, Douglas D. Geyser, and John Stokes, Stris & Maher LLP, Los Angeles, California; Michelle C. Yau, Mary J. Bortscheller, Daniel R. Sutter, and Jamie L. Bowers, Cohen Milstein Sellers & Toll PLLC, Washington, D.C.; Todd Jackson and Nina Wasow, Feinberg Jackson Worthman & Waslow LLP, Berkeley, California; for Petitioner.

Russell L. Hirschhorn, Myron D. Rumeld, and Joseph Clark, Proskauer Rose LLP, New York, New York; John E. Roberts, Proskauer Rose LLP, Boston, Massachusetts; Tulio D. Chirinos, Proskauer Rose LLP, Boca Raton, Florida; for Real Parties in Interest.

## OPINION

SILER, Circuit Judge:

Among the Employee Retirement Income Security Act's (ERISA) many goals is to provide "ready access to the Federal courts." 29 U.S.C. § 1001(b). But ready access does not mean parties cannot agree to litigate in a specific forum in advance. And here the parties did just that: Plaintiff Yvonne Becker and Wells Fargo chose to have their disputes heard in Minnesota federal court. The district court, therefore, did not err in transferring this case to that forum and we deny Becker's petition for a writ of mandamus to cancel that transfer order.

I

Becker worked for Wells Fargo and through that employment participated in the company's 401(k) Retirement Plan. Unhappy with management of the Plan, she filed suit alleging ERISA violations in the Northern District of California. Because the Plan contained a forum selection clause for the District of Minnesota, Wells Fargo moved to transfer the case to that venue. The district court granted that motion. Becker now requests a writ of mandamus asking this court to rescind that transfer order.

II

We have jurisdiction to issue writs of mandamus under the All Writs Act. 28 U.S.C. § 1651. "A writ of mandamus is a 'drastic and extraordinary' remedy." *In re Henson*, 869 F.3d 1052, 1057 (9th Cir. 2017) (quoting *Ex parte Fahey*, 332 U.S. 258, 259 (1947)).

III

Becker must show, among other things, that the district court committed clear error when it transferred her case. *Id.* at 1058. That requires demonstrating that ERISA bars Wells Fargo's forum selection clause. But it does not and thus we deny the writ of mandamus.

Forum selection clauses are valid except in the rarest cases. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). This is not one of those rare cases. Neither ERISA's language and purpose nor precedent invalidates the Plan's forum selection clause.

Start with the text. ERISA's venue provision provides that an action "*may* be brought" where: (1) the plan is administered; (2) the breach took place; or (3) a defendant resides or may be found. 29 U.S.C. § 1132 (emphasis added). Congress's use of permissive "may" is instructive. It chose to open three venues for suit, but not to require them. *See In re Mathias*, 867 F.3d 727, 732 (7th Cir. 2017); *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 932 (6th Cir. 2014). Wells Fargo and Becker simply picked one of those venues (where the Plan is administered). If Congress intended to bar that agreement, it would have said so. *Smith*, 769 F.3d at 931.

Besides, Wells Fargo's forum selection clause does not undermine ERISA's goal of allowing "ready access to the Federal courts." 29 U.S.C. § 1001(b). To the contrary, the clause guarantees venue in a federal court. And, as this court's decision in *Dorman v. Charles Schwab Corp.*, 934 F.3d 1107, 1109 (9th Cir. 2019), makes clear, a federal court is not even required. Wells Fargo might have foreclosed access to any federal court through an arbitration clause. *See id.*

At the same time, the forum selection clause furthers ERISA's other goals. By funneling all Plan oversight through one federal court, it "encourages uniformity in the decisions interpreting that plan." *Smith*, 769 F.3d at 931 (quoting *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F.Supp.2d 855, 861 (N.D. Cal. 2010)). Uniformity, in turn, decreases costs and thus furthers ERISA's goal of providing low-cost plans. *Id*. at 932.

Precedent does not dictate a different conclusion. Becker's reliance on *Boyd v. Grand Trunk Railroad Co.*, 338 U.S. 263 (1949) (per curiam) and *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115 (9th Cir. 2011) is misplaced. To begin, both deal with different statutory schemes—the Federal Employers' Liability Act (*Boyd*) and the Carmack Amendment (*Smallwood*)—than ERISA. And both, on their face, demonstrated a conflict between the statute and the forum selection clause. Wells Fargo's forum selection clause, by contrast, is not "incompatible with ERISA's policy goals more generally." *In re Mathias*, 867 F.3d at 733. In any event, *Boyd* is likely a "relic" from "an era of marked judicial suspicion of contractual forum selection." *Id*.

Courts are in near universal agreement: ERISA does not bar forum selection clauses. We find no reason to disagree with their well-reasoned conclusion. Becker's Plan contained a forum selection clause. The district court properly enforced that clause.

Writ of mandamus **DENIED**.